**In re The GLEBE, INC. Debtor.**

**No. 10–71553.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

May 3, 2011.

---

Michael E. Hastings, Roanoke, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

A hearing was held on April 7, 2011, to consider the RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services Inc. (hereafter "RehabCare") Unopposed Motion for Allowance and Payment of Administrative Claim. After considering the pleadings and arguments of the parties, the Court makes the following findings of fact and conclusions of law.

### Facts

The Debtor filed its petition on June 28, 2010. Prior to the petition date, Rehab-Care had entered into a Therapy Services Agreement with the Debtor. Under the Therapy Services Agreement RehabCare would provide therapists to the Debtor to allow the Debtor to provide therapy services to its residents. RehabCare provided therapy services to the Debtor post-petition until its services were terminated on December 1, 2010. RehabCare received payments in the ordinary course of the Debtor's operations and was paid for the services rendered.

Pursuant to Article VII of the Therapy Services Agreement, the Debtor is prohibited from retaining therapy personnel that provided therapy services on behalf of Re-habCare.[1] RehabCare is willing to consent to the Debtor's employment of three

---

1. Article VII of the Therapy Services Agreement states:

 7.1 Facility acknowledges that RehabCare has expended and will continue to expend substantial time, effort and money in training staff in delivery of Therapy Services. Therapy Personnel who provide services to Facility will have access to and possess Proprietary Information of RehabCare. Facility acknowledges that to employ or contract with Therapy Personnel or former Therapy Personnel would likely result in the use by Facility of RehabCare Proprietary Information in violation of Article VI hereof. Facility, therefore, agrees that, without RehabCare's prior written consent ("Consent"), Facility will not (i) directly through its efforts or (ii) indirectly through the efforts of person(s) acting by or on behalf of Facility during the Initial Term and any Extended Term and during an additional one (1) year thereafter, employ, solicit the employment of, or in any way retain the services of any Therapy Personnel or former Therapy Personnel, if such individual was employed or retained by RehabCare at

therapists in return for the payment of $19,000.00.

## Discussion

RehabCare requests that its "claim" for $19,000.00 be treated as an administrative expense under 11 U.S.C. § 503. However, the Motion does not set forth the specific provision of § 503 upon which it relies. At the hearing, counsel for the Debtor addressed the Court on behalf of RehabCare and asserted that RehabCare was seeking relief under § 503(b)(1) for wages incurred post-petition. Transcript of Record at 12, *In re The Glebe, Inc.*, Case No. 10–71553–ROA (Bankr.W.D.Va. Apr. 27, 2011). Counsel for RehabCare, who appeared by telephone, concurred with counsel for the Debtor and asserted that its basis for relief under § 503(b)(1) could be found in paragraph 12 of the Motion. *Id.* The Court notes that the specific subsection addressing post-petition wages is § 503(b)(1)(A)(i). The Court also notes that paragraph 12 of the Motion does not list § 503(b)(1)(A)(i) as the provision under which relief is sought but rather casts the broad net of claiming that § 503, and its many subsections and sub-subsections, apply. Since both counsel for the Debtor and counsel for RehabCare base their request for relief solely on the position that the claim is for wages incurred post petition, the Court will limit its analysis of the pleadings and arguments of counsel to the code provision that addresses such claims, § 503(b)(1)(A)(i).

 § 503(b)(1)(A)(i) provides an administrative expense for

(1)(A) the actual, necessary costs and expenses of preserving the estate including—

any time during the immediate preceding one (1) year.
Unopposed Motion for Allowance and Payment of Administrative Claim at 2, *In re The*

(i)wages, salaries, and commissions for services rendered after the commencement of the case. . . .

11 U.S.C. § 503(b)(1)(A)(i) (West, 2011). *In re Merry–Go–Round Enterprises, Inc.*, 180 F.3d 149, 157 (4th Cir.1999) holds that "[s]ince there is a general presumption in bankruptcy cases that all of a debtor's limited resources will be equally distributed among creditors, § 503 must be narrowly construed." *In re Stewart Foods, Inc.*, 64 F.3d 141, 145 n. 2 (4th Cir.1995) holds that in order to be entitled to an administrative expense under the general provision of § 503, the party seeking the administrative expense must demonstrate that "(1) the claim must arise out of a post-petition transaction between the creditor and the debtor-in-possession (or trustee) and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor-in-possession in the operation of the business." *See also, Merry–Go–Round,* 180 F.3d at 157 (holding that the party seeking the administrative expense bears the burden of proof.)

██ With regard to § 503(b)(1)(A)(i), *In re Bernard Technologies, Inc.*, 342 B.R. 174, 177 (Bankr.D.Del.2006) (quoting *Calpine Corp. v. O'Brien Envt'l Energy, Inc. (In re O'Brien Envt'l Energy Inc.)*, 181 F.3d 527, 533 (3rd Cir.1999)) holds that "the applicant seeking compensation or reimbursement under § 503(b)(1)(A)(i) carries a 'heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.' " *Bernard Technologies* goes on to hold that the "applicant must

*Glebe, Inc.*, Case No. 10–71553–ROA (Bankr. W.D.Va. Mar. 8, 2011).

prove his entitlement to the requested compensation and expense reimbursement by a preponderance of the evidence." *Id.*

In this case, RehabCare does not set forth any evidence that would demonstrate that the $19,000.00 represents "costs and fees for which it seeks payment." Indeed, the clear language of the Argument section of the Motion, wherein RehabCare asserts its basis for relief, states that

> The payment of the claimed administrative amount is in the ordinary course of business of the Debtor, and is required for the Debtor to best care for its residents. Thus, the amounts claimed are actual, necessary costs and expenses of preserving the estate, and should be allowed as administrative expenses. *See* 11 U.S.C. § 503; *see also* 11 U.S.C. § 364(a) (debts incurred in the ordinary course of business is allowed an administrative expense.)

> Additionally, because RehabCare's rights to equitable relief under Article VII of the Therapy Services Agreement survive rejection of the contract, RehabCare's willingness to release its rights to that equitable relief survives rejection such that the payment is entitled to administrative treatment. *See In re The Ground Round, Inc.*, 335 B.R. 253 (1st Cir. BAP 2005); *see also In re Future Graphics, Inc.*, 2010 WL 1965893, 2010

Bankr.LEXIS 1666 (Bankr.E.D.N.C. 2010).

Unopposed Motion for Allowance and Payment of Administrative Claim at 3, *In re The Glebe, Inc.*, Case No. 10–71553 (Bankr.W.D.Va. Mar. 8, 2011).[2] Nowhere in the Motion does RehabCare set forth any request for wages, salaries, or commissions. The Court notes that the executory contract between RehabCare and the Debtor was rejected. Thereafter, the Debtor utilized the services of the therapists employed by RehabCare prior to the rejection to provide ongoing therapy for the Debtor's residents notwithstanding the rejection of the executory contract which contains the provision found in Section VII of the Therapy Services Agreement prohibiting the Debtor from the very action it took.

In order to achieve entitlement to an administrative expense RehabCare must first show that its claim arises out of a post-petition transaction between it and the Debtor. The only pleading contained in the record that would indicate that the $19,000.00 arises out of a post-petition transaction is the statement by counsel for the Debtors that the services of the therapists "were provided all the way through December, so this is payment for those post-petition services incurred for which the debtor received value." Transcript at

---

**2.** Adding to the confusion over what RehabCare's claim is actually for, counsel for RehabCare, in oral argument, stated that "Well, Judge, it's not really a claim for breach of contract. It's actually essentially allowing these three therapists who under what was essentially a non-solicitation provision in the therapy services agreement. Those therapists would not be permitted to provide services. We have agreed to waive that portion of the agreement and in so doing, we're allowing these three therapists to continue to provide services. And these are services that were provided post-petition through the end of the year last year, and so, it's not really a breach of contract action so much as it is permitting these three therapists to perform their services in spite of the fact that there was a one year non-solicitation provision." Transcript at 11. Based solely upon the statements of counsel for RehabCare, one could reasonably infer that the $19,000.00 represents a settlement whereby RehabCare agrees "waive [the non-solicitation] portion of the agreement" in order to permit the therapists to work for the Debtor, "in spite of the fact that there was a one year non-solicitation provision" in the Therapy Services Agreement, in return for $19,000.00.

12–13. However, the Court finds that the statement by counsel for the Debtor, without any additional supporting evidence, is insufficient to meet the "heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets" as required by *Bernard Technologies.* Therefore, the request of RehabCare for administrative expense status fails.[3] Accordingly, it is

### ORDERED

That RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc.'s Unopposed Motion for Allowance and Payment of Administrative Claim is hereby DENIED without prejudice.

---

**3.** Further, the Motion clothes the $19,000.00 request in the language of a settlement of a cause of action when it sets forth the argument that payment is in consideration of Re-habCare's willingness to release its rights to equitable relief under the rejected executory contract.